UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LOUIS BLANK | No.  2:16-cv-02578 GEB GGH PS |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO PUBLIC LIBRARY, | |
| Defendant. | |

This court has jurisdiction to hear the matters that arise in this case pursuant to 28 U.S.C. section 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

Plaintiff has requested authority under 28 U.S.C. § 1915(a) to proceed in forma pauperis. Plaintiff has submitted the affidavit required by 1915(a) but he has failed to complete it insofar as he checked the box in section 3 indicating that he had received money in the last twelve months in the form of disability or workers compensation payments, but has failed to "describe . . . each source of money and state the amount received and what you expect you will continue to receive."  Plaintiff shall, therefore, be ordered to provide an amended Application to proceed in forma pauperis in which he completes this response within 14 days of the issuance of this order.

I.       SCREENING

Addressing IFP status does not end the court's inquiry, however.  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to

1

1   state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

2   immune from such relief.  28 U.S.C. § 1915(e)(2).

3       Plaintiff must assist the court in making this determination by drafting his complaint so

4   that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the

5   reason the case is filed in this court, rather than in a state court), as well as a short and plain

6   statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in

7   what way).  Plaintiffs' claims must be set forth simply, concisely and directly.  See "Rule 8" of

8   the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8).  The Federal Rules of Civil Procedure

9   are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-

10  rules-civil-procedure.  Forms are also available to help pro se plaintiffs organize their complaint

11  in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor, Sacramento,

12  CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

13      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

15  court will (1) accept as true all of the factual allegations contained in the complaint, unless they

16  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

17  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327;

18  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at

19  Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011); Hebbe v. Pliler,

20  627 F.3d 338, 340 (9th Cir. 2010).

21      However, the court need not accept as true, legal conclusions cast in the form of factual

22  allegations, or allegations that contradict matters properly subject to judicial notice.  See Western

23  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors,

24  266 F.3d 979, 988 (9th Cir.), *as amended*, 275 F.3d 1187 (2001).

25      Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

26  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may

27  only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support

28  of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.

2

1   2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an

2   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.

3   See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

II.      THE COMPLAINT

5        Plaintiff purports to state a claim for violation of Title VI, a federal statute, codified at 42

6   U.S.C. § 2000d, against the Sacramento Public Library [hereinafter "Library"] for denying him

7   access to that facility.  This statute states that "No person in the United States shall, on the

8   ground of race, color, or national origin, be excluded from participation in, be denied the benefits

9   of, or be subjected to discrimination under any program or activity receiving Federal financial

10  assistance."  Plaintiff has not identified the basis for his exclusion from the Sacramento Public

11  Library.  Further, he has not stated facts that would provide a basis for this court to conclude that

12  the Library receives Federal financial assistance.  Without such allegations regarding these two

13  qualifying conditions for seeking relief under Title VI, he has failed to state a claim for relief

14  that can be addressed by this court.  The court will, however, give plaintiff an opportunity to

15  amend his complaint within 30 days of the issuance of this Order if he can plead these required

16  elements for a viable Title VI claim.

17       IT IS THEREFORE ORDERED THAT:

18       1.      Plaintiff shall complete and refile his request for in forma pauperis status within 14

19  days of the issuance of this Order;

20       2.      Plaintiff shall file an amended Complaint within 30 days of the issuance of this

21  Order that conforms to the requirements discussed.

22       3.      Failure to comply with this Order may result in a recommendation that the action

23  be dismissed.

24  Dated: November 1, 2016

25                              /s/ Gregory G. Hollows
                           UNITED STATES MAGISTRATE JUDGE
26

27

28

3