UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LOUIS BLANK,<br><br>    Plaintiff,<br><br>v.<br><br>SACRAMENTO PUBLIC LIBRARY,<br><br>    Defendant. | No. 2:16-cv-2578 GEB GGH<br><br>ORDER and<br>FINDINGS AND RECOMMENDATION |

PROCEDURAL BACKGROUND

Plaintiff filed his complaint in pro se on October 28, 2016, ECF No. 1, and moved for in forma pauperis ("IFP") status on the same date. ECF No. 2. On November 2, 2016 the undersigned, which has jurisdiction over this matter pursuant to 28 U.S.C. section 636(b)(1) and Eastern District of California Local Rule 302(c)(21), issued an order directing Plaintiff to refile his Motion to Proceed in forma pauperis within 14 days and an Amended Complaint within 30 days. ECF No. 3. Plaintiff's Complaint related to the Sacramento Public Library having excluding him from its premises for various identified reasons.

In its November 2, 2016 Order the court explained to plaintiff that he had alleged no federal claims in his Complaint which he purported to bring pursuant to Title VI, codified at 42 U.S.C. § 2000d, and what the required allegations were to proceed under that statute. Id. at 3:5-14. The court further explained the requirements for proper pleadings under the Federal Rules of

1

1  Civil Procedure and the Local Rules of this District.  Id. at 2:3-3:3.  Finally, the undersigned gave
2  notice that Plaintiff's failure to comply with the Order may result in a recommendation that the
3  action be dismissed.  Id. at 3:22-23.
4      Plaintiff filed a new Motion for IFP Status on November 14, 2016, ECF No. 4, but has not
5  filed an Amended Complaint.

## DISCUSSION

7  Plaintiff has made the showing required showing to qualify for IFP status.  Accordingly
8  the court will GRANT his motion.
9      Plaintiff has not, however, complied with the portion of the court's order to file an
10  Amended Complaint within 30 days of the order, or by December 2, 2012.  This does not,
11  however, resolve the issue of whether plaintiff may proceed with his action.
12     This court has been unable to determine a jurisdictional basis for plaintiff's claims to
13  remain in this court.  A federal court is a court of limited jurisdiction, and may adjudicate only
14  those cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins.
15  Co., 511 U.S. 375, 377 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the
16  United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may
17  from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal
18  district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S.
19  689, 697-99 (1992).  Lack of subject matter jurisdiction may be raised at any time by either party
20  or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95
21  (9th Cir. 1996).
22     The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
23  question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject
24  matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.
25  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible
26  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.
27  Hood, 327 U.S. 678, 682 (1945).
28

In order to claim jurisdiction under 28 U.S.C. § 1332 plaintiff must, as threshold matter, establish that his state citizenship, California, and defendant's state citizenship are diverse. The defendant, the Sacramento Public Library, is clearly a California entity. Thus there is no diversity jurisdiction in this case. Under § 1331 plaintiff must plead a federal statute or Constitutional provision to continue under federal question jurisdiction. Plaintiff pleaded violations of Title VI in his original Complaint and this court explained the elements that must be shown to gain jurisdiction under this statute, none of which elements were satisfied by the plaintiff's complaint.

Accordingly, the undersigned recommends dismissal of plaintiff's complaint for lack of jurisdiction.

**IT IS THEREFORE RECOMMENDED THAT:**

The Plaintiff's Complaint should be dismissed for lack of jurisdiction;

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days of being served with these findings and recommendations Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. Plaintiff is advised that failure to file objections within the specified time may waive his right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 9, 2016

                                            /s/ Gregory G. Hollows
                              UNITED STATES MAGISTRATE JUDGE